COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-171-CR

 

 

JOHN WESLEY COLLINS                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant John Wesley Collins
entered an open plea of guilty to the offense of possession of a controlled
substance with intent to deliver.  The
trial court conducted a punishment hearing and, following the hearing, sentenced
Collins to thirty-five years= confinement.  In a single
point, Collins argues that his trial counsel was ineffective at the punishment
hearing for failing to object to inadmissible extraneous offense evidence
describing him as a Amanufacturer@ of gamma hydroxybutyric acid (AGHB@).[2]  We will affirm.

Collins=s presentence investigation report details the facts surrounding his
arrest.  It states that a confidential
informant advised authorities that Collins had a quantity of GHB for sale.  Law enforcement officers working with the
confidential informant thereafter performed a Abuy bust@ operation
and arrested Collins, who possessed 4,180.68 grams of GHB at the time of the
arrest.  A grand jury subsequently indicted
Collins for possessing with the intent to deliver a controlled substance in an
amount of 400 grams or more.

Collins testified at the
punishment hearing that this was the first time that he had engaged in this
type of narcotics activity and that he had attempted to sell the GHB because he
was late paying his bills.  He admitted
that he was guilty of two felony charges pending in Dallas for unauthorized use
of a motor vehicle, testified that he was taking full responsibility for the
decision he made to possess GHB with the intent to deliver it, and asked the
trial court to sentence him to probation.








An investigator with the
Denton County Sheriff=s Office who
served as the lead officer on Collins=s case testified as a rebuttal witness for the State.  The investigator testified that GHB is used
as a date rape drug, among other things, and that 4,180.68 grams was Aa lot.@  The investigator testified that, as part of
the investigation leading up to Collins=s arrest, he had learned several things about Collins through
interviews with the confidential informant and others.  The following exchange occurred:

[Prosecutor]:
And based on your investigation, what did you know about the defendant?

 

[Investigator]:
We had spoken to the [confidential informant] about Mr. Collins prior to, and
we knew through interviewing him and some other people that Mr. Collins was a
dealer of GHB, and a manufacturer of it as well.

 

[Prosecutor]: And a
manufacturer?

[Investigator]: Yes.

[Prosecutor]:
So not just a, whoops, this is a first time; I need to make some money.

 

[Investigator]: That=s correct.  [Emphasis added.]








The prosecutor recounted the investigator=s testimony during closing argument when he stated that Collins was a Amanufacturer, according to the information that the detective had in
the case.@  The trial court accepted Collins=s guilty plea, found Collins guilty, and sentenced him to thirty-five
years= confinement.[3]
       Collins contends that the
unobjected-to evidence describing him as a manufacturer of GHB Aallowed the State to argue that [he] should be punished for
manufacturing GHB in addition to the instant offense.@  He argues that the evidence
was inadmissible, that the record supports a finding of deficient performance
by trial counsel, and that there is a reasonable probability that the
unobjected-to evidence contributed to the Aincreased punishment@ that he received.

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770
(Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court simply to infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








Generally, an isolated
failure to object to certain procedural mistakes or improper evidence does not
constitute ineffective assistance of counsel. 
See Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); see
also Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004)
(stating that an ineffective assistance claim must Abe firmly founded in the record@), cert. denied, 543 U.S. 1059 (2005).  Where the record is silent as to counsel=s reason for failing to object, the appellant fails to rebut the
presumption that counsel acted reasonably. 
Thompson, 9 S.W.3d at 814. 
However, a single egregious error of omission or commission by counsel
may constitute ineffective assistance.  Id.
at 813; see Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005)
(holding that record was sufficient to allow decision on merits and that
counsel rendered ineffective assistance by failing to object to prosecutor=s misstatement of law).








Here, Collins did not file a
motion for new trial, and he candidly admits that the record is
undeveloped.  Indeed, the record is
silent as to his trial counsel=s reason for not objecting to the allegedly inadmissible testimony
describing Collins as a manufacturer of GHB. 
This alleged error in counsel=s performance is an act of omission, which is particularly ill-suited
to review on direct appeal because the reason for counsel=s omission is not reflected in the record.  See Thompson, 9 S.W.3d at 814.  Collins has thus failed to rebut the strong
presumption that his trial counsel=s decision not to object to the complained-of portion of the
investigator=s testimony
fell within the wide range of reasonable professional assistance.  See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Thompson, 9 S.W.3d at 814.  Moreover, this is not one of those rare cases
in which the record is sufficient to reflect counsel=s ineffectiveness because, for example, there can be no reasonable
trial strategy in failing to assert an objection to the testimony elicited by
the State.  See Andrews, 159
S.W.3d at 103.  As the State points out, A[h]ad Appellant=s counsel
pursued an objection under any of the three theories argued in this appeal, the
State might have chosen to introduce the evidence directly through the
confidential informant and/or other persons who had advised authorities of
Appellant=s reputation
for manufacturing GHB.@  Consequently, A[n]ot provoking the State into putting on witnesses whose testimony
could be damning to a client would be logically consistent with a
well-considered trial strategy, not deficient representation.@  We overrule Colllins=s sole point and affirm the trial court=s judgment.

 

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)       

 

DELIVERED:  January 17, 2008











[1]See Tex. R.
App. P. 47.4.





[2]GHB is a Penalty Group 1 controlled
substance.  Tex. Health & Safety Code Ann. ' 481.102(9) (Vernon Supp.
2007).





[3]The punishment range for the
offense is life imprisonment or a term of not more than 99 years or less than
15 years= imprisonment.  See Tex.
Health & Safety Code Ann. ' 481.112(f).